IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TERRANCE LEE KEPLIN, JR.,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF MONTANA DEPARTMENT OF HEALTH AND HUMAN SERVICES, CHILD FAMILY SERVICES,<br><br>Defendant. | CV 26–130–M–SPW<br><br>ORDER |

Terrance Lee Keplin, Jr. filed Amended Complaint alleging violations of his constitutional rights. (Doc. 1-1.) He has also filed motions for summons, to arbitrate, and for joinder. (Docs. 7, 9, and 12.) Keplin's Complaint fails to state a claim for relief and is dismissed.

## I. STATEMENT OF THE CASE

### A. Parties

Keplin is detained at Missoula County Detention Facility, Missoula, Montana. He is proceeding without counsel and in forma pauperis. He names one defendant, the Montana Department of Health and Human Services, Child Family Services. (Doc. 1-1 at 1.)

**B. Allegations**

Keplin alleges he was arrested and his child was removed from him in October, 2025. Keplin asserts that all of his legal troubles stem from prosecution and conspiracy by various public and other entities. (Doc. 1-1 at 6.) In general, however, his Complaint seeks initiation of federal criminal charges against the defendant and includes ten federal statutes that he alleges the defendant has violated. (Doc. 1-1 at 4 – 10.)

**II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915 and 1915A**

Keplin is a detainee proceeding in forma pauperis against a governmental defendant, so the Court must review his Complaint under 28 U.S.C. §§ 1915 and 1915A. Section 1915A(b) requires the Court to dismiss a complaint by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint fails to state a claim "where there is no

cognizable legal theory, or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (internal quotation marks omitted). Nevertheless, *pro se* pleadings are construed liberally to "afford the petitioner the benefit of any doubt." *Watison*, 668 F.3d at 1112 (internal quotation marks omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

**III. ANALYSIS**

Keplin's Complaint must be dismissed for two independent reasons.

First, a civil complaint cannot state a claim for violation of a criminal statute. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Federal criminal law can be enforced only by a federal prosecutor, not by any private party. Keplin cannot seek prosecution of federal crimes through this lawsuit; his citation of these statutes does not provide him with a right of action in this Court.

Second, Keplin cannot state a claim against the State of Montana Department of Health and Human Services ("DPHHS"). The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI; *see also Edelman v. Jordan*, 415 U.S.

651, 664 (1974). The United States Supreme Court has interpreted this amendment to mean that absent waiver, neither a State nor an agency of the State acting under its control may "be subject to suit in federal court." *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).

One exception to the general prohibition of the Eleventh Amendment is that it does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261 (1997). However, Keplin has failed to allege any facts to connect an individual at DPHHS with the injuries he claims. He seeks injunctive relief in the form of his release and relief related to his custody on criminal charges, which is not appropriate relief in a civil suit. In addition, he seeks return of his child, which is also not a matter for a federal civil suit. (Doc. 1-1 at 10.)

## IV. CONCLUSION

Title 28 U.S.C. § 1915 requires a court to dismiss a complaint that fails to state a claim upon which relief may be granted, but these statutes do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Here, the Court concludes that amendment

would be futile. Therefore, the Complaint must be dismissed.

Accordingly, it is HEREBY ORDERED:

1. Keplin's Complaint is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The dismissal of this suit counts as a strike against Keplin within the meaning of 28 U.S.C. § 1915.

2. Keplin's motions are DENIED, as moot. (Docs. 7, 9, and 12.)

DATED this 9th day of November, 2026.

Susan P. Watters

Susan P. Watters, District Judge
United States District Court